IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY L. THOMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )Civil Action No. 3:06-cv-656-WKW |
| | )[wo] |
| MICHAEL J. ASTRUE,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, Terry L. Thomas ("Thomas") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 ©, and for reasons herein explained, the court recommends that the Commissioner's decision be AFFIRMED.

## I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.  The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v.*

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

*Schweiker*, 672 F.2d 835 (11ᵗʰ Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11ᵗʰ Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11ᵗʰ Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Thomas, age 42 at the time of the hearing, has an eleventh grade education.[2]  Thomas has

---

[2]R. at 25.

2

not engaged in substantial gainful work activity since June 19, 2002, the alleged onset date of disability.[3]   The ALJ determined that Thomas has the following severe impairments: herniated nucleus pulposus at L4-L5 - status post lumbar laminectomy and diskectomy at L4-L5 in July 2000; recurrent herniated nucleus pulposus at L4-L5 with left radiculopathy; degenerative disc disease at L4-L5; foraminal stenosis at L4-L5 secondary to instability and collapse of the disc space; status post spinal fusion at L4-L5 and discectomy at L4-L5 in December 2000; cubital tunnel syndrome - left elbow; cervical spondylosis at C4-C5, C5-C6, and C6-C7 associated with myeloradiculopathy; status post 3 level anterior cervical fusion at C4 through C7 in April 2002.[4]   The ALJ noted that, although these impairments are "severe" within the meaning of the Regulations, no medical expert had concluded that Thomas' impairments meet or equal a listed impairment.[5]   The ALJ found that Thomas' allegations of disabling pain and functional restrictions were disproportionate to the objective medical evidence.[6]   He also determined that Thomas is unable to perform his past relevant work ("PRW"); and after considering Thomas' age, education, and work experience, the ALJ used the Medical Vocational Guidelines to determine that he had the residual functional capacity ("RFC") to perform a light work with specified non-exertional limitations.[7]   After questioning a Vocational Expert (VE) during Thomas' administrative hearing, the ALJ found that Thomas could

---

[3]R. at 25-26.

[4]R. at 26.

[5]R. at 26.

[6]R. at 22.

[7]R. at 26.

perform the duties of a Machine Feeder/Offbearer, Grader/Sorter, or Guard/Parking Attendant.[8]

Consequently, Thomas is not disabled under the Social Security Act.[9]

## III.  ISSUES

Thomas raises two issues for this judicial review:[10]

1. The ALJ erred by selectively crediting two varying opinions of his treating physician.

2. The ALJ improperly relied upon aberrant testimony by the vocational expert.

## IV.  DISCUSSION

### A.  The ALJ Identified A Sound Legal Basis For His Decisions Regarding The Weight Accorded To Two Separate Opinions By The Treating Physician.

Thomas claims that the ALJ 's decision was not supported by substantial evidence because it "selectively" credited, and discredited, two varying opinions issued by his treating physician on the issue of his residual functional capacity.[11]  The Commissioner responds that the ALJ properly explained the reasons underlying the weight assignments.  The Court finds that the ALJ stated a basis for his decision to give lesser weight to the his physician's second opinion in this case, and that the record supports his decision.

---

[8]R. at 64-67.

[9]The ALJ's disability analysis followed the  five-step sequential evaluation process set forth in 20 C.F.R. §404.1520  and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[10]*See* Plaintiff's Brief in Support of Complaint ("*Pl.'s Br.*") at 1 (Doc. #11, filed December 4, 2006) *and* Order filed July 27, 2006 (Doc. #4) (directing Plaintiff to a brief in support of his claim(s) and to include in his brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

[11]*Pl. Br.* at 7.

4

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11ᵗʰ Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11ᵗʰ Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis*. When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6).

Thomas complains that the ALJ gave great weight to a September, 2002, opinion issued by his treating physician, Dr. John Dorchak, but discounted a later opinion issued by Dr. Dorchak in November, 2003. The 2002 opinion was part of a treatment memorandum, and adopted a Functional Capacity Evaluation (FCE) which found Thomas "capable of working at a light level" with a "lifting restriction of nothing greater than 30 pounds."[12] The ALJ noted that the FCE was performed at Dr. Dorchak's request by a licensed physical capacities evaluator.[13] Thus, Thomas' treating physician opined that he was capable of work some three months after June 19, 2002, the alleged date of disability. When Thomas returned to Dr. Dorchak for a "one year followup" in September, 2003, the treatment memorandum indicated that Thomas "takes an occasional Vicodin and Skelaxin," and

---

[12]R. at 199.

[13]R. at 23

5

that "his symptoms really have not changed."[14]   Each report contained Thomas' history, Dr. Dorchak's impressions upon examination, imaging report, and treatment plan.  Therefore, these reports demonstrate that an actual medical examination supported the expressed and implicit conclusions that Thomas was able to perform light work.

Dr. Dorchak's letter of November 7, 2003 differs from the two treatment records discussed above, as it is not a memorialization of treatment at all, but merely a history of Thomas' condition with a statement that he is incapable of gainful employment.[15]   Thomas' argument that this "opinion" is the more reliable indicator of his true RFC is unavailing, especially when contrasted with Dr. Dorchak's previous, supported findings that he was capable of light work.  In addition to the absence of any information concerning a current examination by Dr. Dorchak, another key distinction in the November, 2003, letter is the absence of a functional capacities evaluation which supports his conclusion of disability.  In short, the ALJ correctly rejected the November, 2003, opinion that Thomas could not work because it is an unsupported legal conclusion, not an objective medical finding to be considered in a disability determination.  *See Lewis*, 125 F.3d at 1440.

The ALJ adequately supported his decision to discount Dr. Dorchak's letter when he explained that it was "so brief and conclusory that it lacks persuasive weight or when it is unsubstantiated by any clinical or laboratory findings."[16]   The ALJ also cited Social Security Ruling 96-2 to show that he need not assign controlling weight to a "treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic

---

[14]R. at 226.

[15]R. at 239.

[16]R. at 24, citing *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

techniques."[17]  After also noting the  distinctions in credibility between Dr. Dorchak's earlier and later opinions, the ALJ stated that he would not credit the later opinion.  **The record also showed that Thomas used prescribed pain medication on occasion, which contrasts with his claims of constant and disabling pain.**[18]  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, and use of pain medication in affirming ALJ's conclusion that actual pain was not consistent with allegations).  The ALJ cited sufficient grounds in the record for discounting the later, unsupported opinion of Thomas' treating physicians, and did not err in so doing.

### B.    The ALJ's Questions To The Vocational Expert Encompassed Thomas' Credibly Established Limitations and Levels Of Pain.

Thomas claims that the ALJ failed to correctly phrase hypothetical questions to the VE because the questions did not accurately reflect the duration of the pain which he experiences.[19] The series of questions at issue instructed the VE to assume an individual of Thomas' age, education and past relevant work, capable of light work with a sit/stand option, with exertional and non-exertional limitations uncontested in Thomas' brief.[20]  The ALJ then added a moderate degree of pain.[21]  The VE responded that such an individual could not perform Thomas' PRW, but that he could meet the work demands of a machine feeder, grader, sorter, or guard/parking

---

[17]R. at 24.

[18]R. at 226.

[19]*Pl. Br*. at 9.

[20]R. at 64-65.

[21]R. at 65.

attendant.[22]  The ALJ posed another hypothetical with a sedentary RFC with a sit/stand option.

The VE opined that such an individual could work as a security monitor, gate guard, machine

packer, or machine feeder.[23]  Finally, the ALJ incorporated "a moderately severe degree of pain,

one to two hours daily" and asked if the VE's responses would change.[24]  Upon a request for

clarification by Thomas' counsel, the ALJ stated that the "moderately severe degree of pain" was

assumed to be a daily occurrence.  During questioning by Thomas' counsel, the VE opined that

the hypothetical individual would not be able to work if the moderately severe pain persisted for

more than two hours a day, or if it required him to lie down.[25]  Thomas contends that the pain

component in the hypothetical was wrongly presented, as the ALJ did not specify whether the

pain occurred in a continuous two hour frame, or intermittently throughout the day.[26]  He

further argues that the measures required for the management of his pain - reclining, soaking,

avoiding walking and prolonged sitting - preclude him from working.[27]

    The Eleventh Circuit has noted that, where an ALJ finds it necessary to consult a

vocational expert,  the expert's testimony is only deemed substantial evidence where the ALJ

posed a hypothetical question which included all of the claimant's impairments.  *Phillips v.*

---

[22]R. at 65-66.

[23]R. at 66.

[24]R. at 66-67.

[25]R. at 67.

[26]*Pl. Br.* at 9.

[27]*Pl. Br.* at 10.  Thomas also claims that the VE "recognized [his] need to recline as part of
the pain control regime."  The hearing transcript clearly shows that the VE considered any need to
recline as another hypothetical factor.  R. at 67.

*Barnhart,* 357 F.3d 1232, 1240 n.7 (11ᵗʰ Cir. 2004) (citing *Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir.1999). The Administrative Law Judge is not required, however, to include limitations in the hypothetical that were properly rejected as unsupported. *Crawford v. Commissioner of Social Security,* 363 F.3d 1155, 1161 (11th Cir.2004). Here, the ALJ correctly posed to the VE the limitations which were credibly established by the record and Thomas' testimony. The ALJ found that Thomas' "testimony and statements . . . of disabling pain and functional restrictions are disproportionate to the objective medical evidence."[28] The ALJ began his justification for his conclusion by noting a lack of "diagnostic studies to show abnormalities that could be expected to produce such severe symptoms" and that the record did not establish "neurological deficits, significant weight loss, muscle atrophy, or other observable signs often indicative of protracted pain of the intensity, frequency, and severity alleged."[29] Thomas' demeanor at the administrative hearing gave the ALJ the "impression that he was exaggerating his limitations," which were "far in excess of those which reasonably would be expected from the objective clinical findings and are not consistent with all of the other evidence of record."[30] Thus, a fundamental difficulty with Thomas' argument is that he failed to prove the limitations claimed in his testimony, and his claimed need for extreme measures in his pain management regime became irrelevant.

The ALJ had the authority to reject Thomas' complaints of pain as not credible. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11ᵗʰ Cir. 1992). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a

---

[28]R. at 22.

[29]R. at 22.

[30]R. at 23.

9

finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).  The ALJ explained his conclusions on Thomas' pain by contrasting his testimony of disabling pain with the objective medical findings in the record, treatment notes, and credible evidence which contradicted his allegations.[31]   The ALJ's questioning of the VE correctly incorporated Thomas' credibly established physical limitations, and the degree and duration of his pain.  The expert concluded that a person with his limitations could perform work as a Machine Feeder/Offbearer, Grader/Sorter, or Guard/Parking Attendant.  Substantial evidence supports the ALJ's finding that Thomas could perform work. *Phillips, id.* at 1240.

### V.  CONCLUSION

For the reasons explained in this *Recommendation*, the Magistrate Judge  concludes that the ALJ's decision is supported by substantial evidence and proper application of the relevant law,  and therefore, **RECOMMENDS** that the decision of the  Commissioner be **AFFIRMED**.

*It is further ORDERED that the parties shall file any objections to the said Recommendation by March 1 , 2007.*  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of

---

[31]R. at 22-23.

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th  day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

11